Filed 1/27/25  P. v. Graves CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100822 |
| Plaintiff and Respondent, | (Super. Ct. No. 72678) |
| v. | |
| PETER DALE GRAVES, | |
| Defendant and Appellant. | |

Defendant Peter Dale Graves appeals from an order denying his motion to vacate the judgment stemming from his 1985 conviction for lewd and lascivious conduct with a child under the age of 14.  Appellate counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 and asking this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  Defendant filed a supplemental brief disputing the trial court's characterization of his motion and arguing that the court should

1

have vacated his conviction.  We ordered supplemental briefing on whether the trial court erred in concluding that it lacked jurisdiction to consider defendant's motion.  Because the court did so err, we reverse the order denying defendant's motion and remand for the trial court to consider the motion in accordance with this opinion.

## I.  BACKGROUND

In 1985, the People charged defendant with three counts of lewd and lascivious conduct with a child under the age of 14 (Penal Code, § 288, subd. (a))[1] as to three different victims, M.C., D.F., and J.S.  Defendant ultimately pled guilty to two counts of lewd and lascivious conduct, as to M.C. and D.F., and sodomy (§ 286, subd. (b)(1)) as to J.S.  Regarding the count of lewd and lascivious conduct with D.F., the People provided the following factual basis:  "[B]etween the dates of December 1st, 1974, and June 7th, 1985, within the County of Sacramento, the defendant engaged in lewd and lascivious acts with [D.F.], a person born [in] January . . . 1970."  The trial court suspended imposition of sentence and placed defendant on four years' probation.

In 2024, defendant filed a motion in propria persona to vacate the judgment, arguing that the 1985 judgment was void because D.F. was not under the age of 14 at the time of the offense.  The trial court denied the motion, explaining that it had "no jurisdiction to entertain a motion for resentencing initiated by defendant."

Defendant timely appealed.

## II.  DISCUSSION

In his supplemental brief, defendant argues the trial court erred in denying what he describes as a "nonstatutory motion to vacate a judgment of conviction."  Defendant asserts that, despite how the court characterized his motion, he "did not file a motion to seek resentencing, but a motion to vacate a 'void' judgment."  We directed the parties to

---

[1]  Undesignated statutory references are to the Penal Code.

2

submit supplemental briefing addressing the following question: "Did the trial court err in concluding that it lacked jurisdiction to consider defendant's motion to vacate the judgment? If so, what remedy, if any, is warranted?"

In his second supplemental brief, defendant argues the trial court had jurisdiction to consider his motion under section 1473.7. Section 1473.7, subdivision (a)(2) provides that a "person who is no longer in criminal custody may file a motion to vacate a conviction or sentence" if "[n]ewly discovered evidence of actual innocence exists that requires vacation of the conviction or sentence as a matter of law or in the interests of justice." The People agree that the court could have considered the merits of a section 1473.7 motion but insist that this was not such a motion as it did not expressly invoke section 1473.7. Though the People's point is well-taken, the nature of a motion is determined by its substance and the relief sought. (See *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 193.) Here, defendant's motion is most reasonably construed as a nonstatutory motion to vacate (see *People v. Kim* (2009) 45 Cal.4th 1078, 1092, 1096) or a motion to vacate under section 1473.7. In either case, the trial court erred in treating it as a resentencing motion and concluding that it lacked jurisdiction to rule on it.

The People concede that if defendant's motion is construed as a motion to vacate under section 1473.7, then remand is appropriate to permit the trial court to consider the merits of the motion in the first instance. We agree. (See *People v. Singh* (2022) 81 Cal.App.5th 147, 154 ["We are unable to do an independent review here because the trial court did not address the merits of defendant's [section 1473.7] motion"].) We express no view as to how the court should resolve the motion.

3

## III.  DISPOSITION

We reverse the trial court's order denying defendant's motion and remand for the trial court to consider the motion in accordance with this opinion.

/S/

RENNER, J.

We concur:

/S/

DUARTE, Acting P. J.

/S/

MESIWALA, J.

4